UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| KI-1, INC., *et al.*, f/k/a KELLSTROM ) | |
| INDUSTRIES, INC., *et al.*, ) | Case No. 02-10536 (WS) |
| ) | |
| Debtors. ) | **Re: Docket No. 1316** |
| ) | |

## OPINION GRANTING MOTION OF BANNER AEROSPACE, INC. FOR RECONSIDERATION OF PRIOR ORDER GRANTING CASTLE PRECISION INDUSTRIES RELIEF FROM AUTOMATIC STAY

Banner Aerospace, Inc. ("Banner") moved this Court by motion dated March 21, 2005 [Docket No. 1316] (the "Motion") to reconsider its February 24, 2005 Order on Stipulation Resolving Castle Precision Industries' ("Castle") Motion for Relief from Stay [Docket No. 1288] (the "Order"). The Order was entered following Castle's Motion for Relief from the Automatic Stay Under Section 362 of the Bankruptcy Code [Docket No. 1279], which was noticed to the matrix but not Banner, as Banner was not on the matrix nor was Banner required to have been. The Order was entered pursuant to a Stipulation between the Debtor and Castle (there having been no objections to the Motion for Relief from Stay).

Pre-petition, Banner owned 100% of the stock of a subsidiary ("Solair") that it sold to Debtor. A lawsuit was pending between Solair and Castle at the time of the stock sale. The stock sale agreement between Banner and Debtor included provisions pursuant to which Banner assumed any liability of Solair arising out of the pending litigation and indemnified Solair with respect to any such liability. The lawsuit against Solair continued post-petition and resulted in a judgment in favor of Castle. The Debtor's

bankruptcy was apparently not availed of to stay the proceedings between Castle and Solair. By its Motion for Relief from Stay, Castle sought relief to pursue judgment collection activities against non-debtor assets and to permit any appeal by Solair of the judgment to go forward. The Order, among other things, specifically effected an assignment from Debtor (now a liquidating trust under a confirmed chapter 11 plan) to Castle of any right of Solair to enforce the indemnification agreement against Banner, and precluded the Debtor from taking any actions in opposition to Castle's claim that it is a third-party beneficiary under the Banner indemnification agreement.

Banner filed the instant Motion after discovering the Order, asserting in particular that the Order's assignment provisions (but other provisions as well) are such that they affected Banner's rights, and therefore Banner should have been given notice of the Motion for Relief from Stay and the consequential opportunity to object, especially since Banner asserts that it has valid objections to the Order.

A motion for reconsideration is **(a)** by definition is an "extraordinary means of relief in which the movant must do more than simply reargue the facts or law of the case." *In re Planet Hollywood Intern.*, 274 B.R. 391, 399 (Bankr. D. Del. 2001) (citation omitted); **(b)** may only be used "to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)); **(c)** judgment may be altered or amended only if the movant demonstrates: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or fact or to prevent

manifest injustice. *Id.*; and **(d)** may not be used as an opportunity for a party "to engage in an endless debate over previously litigated arguments." *In re Garcia*, 2000 WL 654374, at *1 (D. Del. April 5, 2000) (citation omitted).

No citations are needed for the proposition that due process requires an affected party to be given notice and the opportunity to be heard. It is agreed that Banner did not have the required notice. Debtor's brief states that "Banner's rights are not affected by the Stipulation." Banner disagrees. Among other positions Banner takes is that the right of indemnification assigned to Castle under the Order was not legally assignable. When questioned by the Court during oral argument as to whether they intended to preclude Banner from taking this position, Debtor's counsel affirmed (though not consistently) that was their intention and interpretation of the effect of the Order. In this Court's view, Banner's right to raise any defenses it may have to the assignment, whether its assignability or otherwise, (as well as any other provisions of the Order affecting Banner's interests), are material rights that Banner cannot be deprived of without the opportunity to be heard. Banner was not given the opportunity. Whether Banner will prevail on the merits of its objections is, of course, quite another story to be dealt with at an appropriate time.

The lack of notice is either (a) a separate basis for setting aside the Order as to Banner or (b) something that is a mistake of law, or a manifest injustice, within the cited criteria permitting the granting of motions for reconsideration. Accordingly, the Motion for reconsideration is granted.

3

A separate order is being entered contemporaneously herewith.

Dated: May 9, 2005

_____
Honorable Walter Shapero
United States Bankruptcy Judge